IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:03CV286-03-MU

| | |
|---|---|
| JOHNNY MAX PUCKETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVIT MITCHELL; MARC EDWARDS; ) <br> RICK TERRY; CHERRY HUSKINS. ) <br> ) <br> Defendants. ) <br> _____) | **O R D E R** |

**THIS MATTER** comes before the Court on Plaintiff's Motion for a Voluntary Dismissal Without Prejudice [Document No. 21]. For the reasons stated in this Order, Plaintiff's motion is denied.

Plaintiff claims that he seeks this relief "because he has not been able to find an attorney to represent him in this case; and without representation of an attorney, he will not be able to effectively prosecute his case at this time." The Defendants oppose Plaintiff's motion for the following reasons: 1) the case is straightforward and can be determined on summary judgement; 2) Defendants have incurred substantial costs for the services of an expert medical witness; 3) Defendants claim they can prevail on summary judgment because Plaintiff cannot substantiate his claim and 4) Plaintiff's motion should not be granted when the purpose is to avoid an adverse determination on the merits.

As an initial matter, appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." <u>Id</u>.; <u>Cook v. Bounds</u>, 518 F.2d 779 (4th Cir. 1975) The existence of "exceptional circumstances" depends upon two factors: type and complexity

of case and ability of pro se litigant to present case. Whisenant, 739 F.2d at 163. Ths Court notes that the Plaintiff has been adequately representing himself. Additionally, this case is not complex and is not the type of case in which the Court would appoint counsel.

Plaintiff moves for dismissal under Rule 41(a)(1) of the Federal Rule of Civil Procedure. That Rule provides that:

> Except as provided in paragraph (1) of this subdivision of this rule, as action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Rule 41(a)(2) only applies when an answer or a motion for summary judgment has been filed by the defendants. Here, at the point when Plaintiff filed his motion, the Defendants had answered but had not filed a Motion for Summary Judgment. However, "the mere filing of a motion of an answer or a motion for summary judgment could not without more be a basis for refusing to dismiss without prejudice." Anders v. Versant Corp. 788 F.2d 1033, 1036 n.4 (4th Cir. 1986). Defendants filed their Motion for Summary Judgment with their opposition to Plaintiff's Motion to Dismiss just four days after Plaintiff filed his Motion to dismiss. Further, a motion for dismissal without prejudice "should not be denied absent substantial prejudice to the defendant." Id.

A plaintiff's Rule 41(a)(2) motion to dismiss should be granted if not opposed or if no relevant objection is interposed. See Gentry v. Township of Gloucester, 736 F.Supp. 1322, 1326 (D.N.J. 1990).

Here, Defendants filed an opposition brief to Plaintiff's Motion for a Dismissal outlining several valid reasons supporting their opposition. Most significantly is the fact that they have incurred substantial costs for an expert witness retained for the purpose of supporting a Motion for

Summary Judgement. Defendants filed their Motion for Summary Judgment just four days after Plaintiff filed the instant motion. Defendant had no knowledge Plaintiff was planning to file this Motion and were just days away from filing their Summary Judgment Motion which included an affidavit from a medical expert. Additionally all of the Defendants had filed their Answers prior to Plaintiff filing the instant motion. For these reasons, the Court will deny Plaintiff's Motion for a Voluntary Dismissal.

Additionally, in reviewing the Defendants Motion for Summary Judgment, the Court notes that Defendants have attached Plaintiff's medical records beginning October 23, 2001. The Court directs Defendants to provide the Court with a copy of Plaintiff's medical records from the date of incarceration through October 23, 2001.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for A Dismissal Without Prejudice is <u>DENIED</u>.

2. Defendants are directed to provide the Court with a copy of Plaintiff's medical records from the date of his incarceration through October 23, 2001, no later than thirty (30) days from the date of this Order.

**Signed: June 24, 2005**

Graham C. Mullen
Chief United States District Judge